UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **United States** | : |
| | : |
| v. | :  No. 3:03cr276 (JBA) |
| | : |
| **Jay L. Mestel** | : |

**Ruling on Motion to Transfer [Doc. # 26]**

Defendant Jay L. Mestel has moved for an order directing the Bureau of Prisons ("BOP") to transfer him to a half-way house within six months of his projected release date.  The Government opposes and notes that a BOP policy effective as of December 20, 2002 limits prisoners' eligibility for placement in a Community Corrections Center ("CCC") to the lesser of the last 10% or the last six months of the term of imprisonment.  Because defendant was sentenced to an 18-month term of imprisonment on February 4, 2004, he would eligible for a maximum of 1.8 months at a community correction center under the new policy.

The BOP's 2002 change in policy has been the subject of extensive litigation, which has produced several well-reasoned judicial opinions on which this Court now relies.  Adopting the reasoning of the majority of courts considering this issue, this Court concludes that the 2002 BOP policy is based on an erroneous statutory construction.  Contrary to its 2002 interpretation, the

1

BOP retains discretionary authority under 18 U.S.C. § 3621(b)[1] to transfer prisoners to a CCC at any time during their term of imprisonment, and is not constrained by the temporal restrictions governing its "qualified obligation" under 18 U.S.C. § 3624(c)[2] to ease prisoners' transition into the community through community confinement at the conclusion of their term.  See Goldings v. Winn, 383 F.3d 17, 23 (1st Cir. 2004); see also Elwood v. Jeter, - - F.3d - -, 2004 WL 2331643 (8th Cir. Oct. 18, 2004); Solomon v. Zenk, No. 04cv2214, 2004 WL 2370651 (E.D.N.Y. Oct. 22, 2004); Grimaldi v. Menifee, No. 04cv1340, 2004 WL 912099 (S.D.N.Y. Apr. 29, 2004); Schoenfeld v. Menifee, No. 04cv3551, 2004 WL 1516797 (S.D.N.Y. Jul. 7, 2004).  But see Loeffler v. Menifee, 326 F.Supp.2d 454 (S.D.N.Y. 2004).

As the First Circuit reasoned in Goldings, "while § 3624(c)

---

[1] 18 U.S.C. § 3621 provides: "A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons . . . (b) Place of Imprisonment.- The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another."

[2] 18 U.S.C. § 3624(c) provides: "The Bureau of prisons shall, to the extent practicable, assure that the prisoner serving a term of imprisonment spends a reasonable part, not to excess six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.  The authority provided by this subsection may be used to place a prisoner in home confinement."

clearly limits the BOP's discretion <u>not</u> to consider community confinement or other pre-release alternatives at the end of a prisoner's prison term, it does not prohibit the BOP from doing so earlier pursuant to a different grant of discretionary authority." <u>Goldings</u>, 383 F.3d at 24.  That separate grant of discretionary authority is found in 18 U.S.C. § 3621(b), which gives the BOP broad discretion to transfer a prisoner to "any available penal or correctional facility," at any time.  As <u>Goldings</u> and a majority of lower courts have found, a CCC is a correctional facility and place of imprisonment under § 3621, because Section 3621(a) "directs 'persons' sentenced to serve a term of imprisonment 'to the custody of the Bureau of Prisons,' thereby rendering them 'prisoners' and hence 'imprisoned' for the purposes of § 3621(b).  Pursuant to § 3621(a), it is not the place of imprisonment that determines whether an offender is imprisoned but the fact and nature of the offender's sentence ('sentenced to a term of imprisonment') and the identity of the custodian (the BOP)." <u>Id</u>. at 25 (citations omitted).  Thus, so long as the BOP retains custody over the prisoner, the BOP is authorized to transfer that person at any time to any corrections facility, including a CCC.  "Since a community corrections facility is clearly a corrections facility . . ., the BOP may place prisoners there prior to the lesser of the last six months or ten percent of their terms of imprisonment." <u>Id</u>. at 26.

Defendant seeks a court order transferring him to a half-way house for the final six months of his sentence. That the Court cannot do, as the sole discretion lies with the BOP. Defendant's motion is GRANTED only in part, to the following extent: the BOP shall apply its pre-December 2002 policy on CCC designations when considering Mr. Mestel's transfer request.

                                IT IS SO ORDERED.

                                      /s/

                                _____
                                Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 2nd day of November, 2004.**